UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                      Case No: 6:13-mc-61-Orl-22TBS

DENNIS J. FLAHERTY,

    Respondent.

## REPORT AND RECOMMENDATION

This case was referred to me for a report and recommendations on the Government's Petition to Enforce Internal Revenue Service Summons. (Doc. 1). For the reasons that follow, I respectfully recommend that the Petition be **granted**.

### I. Background

Internal Revenue Service ("IRS") Officer Martha da Silva is investigating the collection of the federal individual income tax liability of Respondent Dennis J. Flaherty for the calendar year ending December 31, 2010 and civil penalties for the quarterly periods ending June 30, 2005, September 30, 2005, and December 31, 2005. (Doc. 1-1 ¶ 2). On February 15, 2012, Officer da Silva issued a summons directing Respondent to appear before her or any other designated agent of the IRS on February 28, 2012. (Id. p. 6-7). The summons commanded Respondent to bring with him "Form 1040 for the calendar period ending December 31, 2010 and Form CIVPEN for the quarterly periods ending June 30 2005, September 30, 2005 and December 31, 2005." (Id.). The summons was served by leaving a copy at Respondent's last and usual place of abode. (Id. p. 8). Respondent did not obey the summons. (Id. ¶ 7). The Government filed this

petition pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) of the Internal Revenue Code, which confer jurisdiction on the United States district courts to enforce IRS summonses.

On July 2, 2013, I entered an Order to Show Cause directing Respondent to show cause within 21 days of service of the Order why the Court should not enter an order directing him to obey the IRS summons.  (Doc. 3).  The United States Marshal Service personally served the Order to Show Cause on Respondent on July 11, 2013.  (Docs. 4-5).  Respondent's response to the Order to Show Cause was due no later than August 1, 2013.  Respondent has not filed a response.

## II. Discussion

To ascertain the correctness of any return, the IRS has the authority "to examine any books, papers, records, or other data which may be relevant to such inquiry" and "to summon the person liable for tax or required to perform the act to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony . . . ." 26 U.S.C. § 7602(a). The district courts of the United States have jurisdiction to "compel such attendance, testimony, or production of books, papers, records, or other data." 26 U.S.C. §§ 7604(a), 7402(b).

To enforce a summons, the Government must make a showing that: (1) the summons was issued for a legitimate purpose; (2) the information sought is relevant to that purpose; (3) the information sought is not already within the IRS' possession; and (4) the IRS has followed the appropriate administrative steps. U.S. v. Centennial Builders, Inc., 747 F.2d 678, 680 (11th Cir. 1984) (citing U.S. v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)).  "This imposes a 'minimal burden' upon the IRS, which may be satisfied by merely presenting a sworn affidavit of the agents who issued the

summons attesting to these facts." U.S. v. Stoecklin, 848 F. Supp. 1521, 1524 (M.D. Fla. 1994).

Once the Government makes the required showing, the burden shifts to the party opposing the summons to disprove at least one of the four elements of the Government's prima facie showing or else convince the court that enforcement would constitute an abuse of the court's process. Id. (citing United States v. Medlin, 986 F.2d 463, 466 (11th Cir. 1993)). "The burden on the contesting party is a heavy one which requires allegations of specific facts and the introduction of evidence." Id. (citing United States v. Leventhal, 961 F.2d 936, 939 (11th Cir. 1992)).

The Government's petition and Officer da Silva's declaration state that the summons was issued for a legitimate purpose, the information sought is relevant to that purpose, the information is not already in the IRS's possession, and the IRS has followed the appropriate administrative steps. (Docs. 1, 1-1). This is sufficient for the Government's initial showing.

Because Respondent failed to file a response to the Order to Show Cause he has not carried his heavy burden to oppose the petition. Accordingly, I respectfully recommend the Court **GRANT** the Government's petition and enter an Order compelling Respondent's compliance with the summons by a date certain with Respondent ordered to produce all responsive documents as set forth in the summons issued to him on February 15, 2012, **under penalty of contempt or other sanctions including incarceration.** I also recommend that the Government be awarded its reasonable costs incurred to maintain this action.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and

recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**Respectfully Recommended** in Orlando, Florida on August 2, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Respondent

- 4 -